# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-615V**
**Filed: November 28, 2022**
UNPUBLISHED

| | |
|---|---|
| ALETHEA AGEE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br><br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Complex<br>Regional Pain Syndrome (CRPS) |

*Anne Carrion Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On May 8, 2017, Alethea Agee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered complex regional pain syndrome ("CRPS) resulting from an influenza ("flu") vaccination on October 7, 2014. (ECF No. 1.)

On March 8, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for CRPS. (ECF No. 22.) On November 22, 2022, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $1,649,788.66, representing compensation for life care expenses expected to be incurred during the first year after judgment ($86,090.36), lost earnings ($1,340,812.00), and pain and suffering ($222, 886.30), as well as an amount sufficient to purchase an annuity contract to provide for life care items contained in the life care plan beginning with year two. (ECF No. 78.) The award for pain and suffering consists of $125,000.00

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

for actual pain and suffering and $97,886.30 for projected pain and suffering, an amount reflecting a reduction to net present value.  (*Id.* at 2.)

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

- **a lump sum payment of $1,649,788.66, representing $86,090.36 in compensation for life care expenses expected to be incurred during the first year after judgment, $1,340,812.00 for lost earnings, $125,000.00 in actual pain and suffering, and $97,886.30 in projected pain and suffering, in the form of a check payable to Petitioner; and**

- **An amount sufficient to purchase the annuity contract described in the attached Proffer in section II.B.**

This represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ALETHEA AGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 17-615V |
| v. | ) Special Master Horner |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN | ) |
| SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 8, 2017, Alethea Agee ("petitioner") filed a petition for compensation under the

National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or

"Act"), alleging that she suffered complex regional pain syndrome ("CRPS") resulting from an

influenza ("flu") vaccination she received on October 7, 2014. Petition at 4. On

March 7, 2018, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c)

Report conceding that petitioner's CRPS was caused-in-fact by the flu vaccination and that she is

entitled to compensation. ECF No. 21. Accordingly, on March 8, 2018, the Special Master

issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for

CRPS following the influenza vaccine she received on October 7, 2014. ECF No. 22.

**I.     Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and

petitioner engaged life care planners James Patrick, PhD, CRC, CLCP and Pauline Patrick,

DSW, LCSW, CRC, CLCP, to provide an estimation of petitioner's future vaccine-injury related

needs. For the purposes of this proffer, the term "vaccine related" is as described in the

respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Alethea Agee, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

        B.        <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Alethea Agee has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Alethea Agee's past and future lost earnings is $1,340,812.00. Petitioner agrees.

        C.        <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $125,000.00 in actual pain and suffering and $97,886.30 in projected pain and suffering for a total award of $222,886.30. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

## II.    <u>Form of the Award</u>

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of $1,649,788.66, representing compensation for life care expenses expected to be incurred during the first year after judgment ($86,090.36), lost earnings ($1,340,812.00), and pain and suffering ($222,886.30) in the form of a check payable to petitioner, Alethea Agee.

B.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Alethea Agee, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A

---

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

 1. <u>Growth Rate</u>

 Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

 2. <u>Life-contingent annuity</u>

 Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Alethea Agee, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Alethea Agee's death.

 3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.** <u>**Summary of Recommended Payments Following Judgment**</u>

 A. Lump Sum paid to petitioner, Alethea Agee:  **$1,649,788.66**

 B. An amount sufficient to purchase the annuity contract described
   above in section II.B.


    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/*Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4138

Dated:   November 22, 2022

**Appendix A:  Items of Compensation for Alethea Agee**  Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2022 | Compensation Years 2-17 2023-2038 | Compensation Years 18-24 2039-2045 | Compensation Years 25-Life 2046-Life |
|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 2,041.20 | 2,041.20 | | |
| Medicare Adv Premium | 5% | | M | 556.80 | 556.80 | | |
| Driver Assess & Rehab | 4% | | | 300.00 | | | |
| Lymphedema Eval | 5% | * | | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | | |
| Orthopedist Consult | 5% | * | | | | | |
| Physical Therapy Evaluation | 4% | * | | | | | |
| Case Management | 4% | | M | 5,100.00 | 2,550.00 | 2,550.00 | 2,550.00 |
| Psychological & Mental Health Care | 4% | * | | | | | |
| Dietician | 4% | * | | | | | |
| Finger and Toenail Care | 4% | | | 585.00 | 585.00 | 585.00 | 585.00 |
| Occupational Therapy | 4% | * | | | | | |
| Physical Therapy | 4% | * | | | | | |
| Book Holder | 4% | | | 8.49 | 1.70 | 1.70 | 1.70 |
| Bedside Safety Pole | 4% | | | 123.47 | 12.35 | 12.35 | 12.35 |
| Adj Toilet Seat | 4% | | | 81.83 | 16.37 | 16.37 | 16.37 |
| Long Handled Body Washer | 4% | | | 11.99 | 11.99 | 11.99 | 11.99 |
| Handheld Shower | 4% | | | 14.89 | 2.98 | 2.98 | 2.98 |
| Grab Bars | 4% | | | 93.48 | | | |
| Toothpaste Disp | 4% | | | 20.97 | 4.19 | 4.19 | 4.19 |
| Lift Chair | 4% | * | | 497.00 | 49.70 | 49.70 | 49.70 |
| Heating Pad | 4% | | | 21.98 | 4.40 | 4.40 | 4.40 |
| Treadmill | 4% | | | 649.00 | | | |
| Medication Dispenser | 4% | | | 79.99 | 8.00 | 8.00 | 8.00 |
| Paraffin Bath Container | 4% | | | 236.85 | 33.84 | 33.84 | 33.84 |
| Reacher | 4% | | | 22.10 | 4.42 | 4.42 | 4.42 |
| Arm Sling | 4% | | | 56.14 | 56.14 | 56.14 | 56.14 |
| Canisters for One Handed Access | 4% | | | 28.95 | 5.79 | 5.79 | 5.79 |
| Salt & Pepper Shakers for One Hand | 4% | | | 14.14 | 2.83 | 2.83 | 2.83 |
| Adaptive Keyboard | 4% | | | 176.50 | 35.30 | 35.30 | 35.30 |
| Wheel Spinner for Car | 4% | | | 98.95 | 9.90 | 9.90 | 9.90 |
| One Handed Eating Tools | 4% | | | 88.65 | 12.66 | 12.66 | 12.66 |
| Wipes | 4% | | | 89.97 | 89.97 | 89.97 | 89.97 |
| Mineral Oil | 4% | | | 19.90 | 19.90 | 19.90 | 19.90 |
| Support Pillow | 4% | | | 35.99 | 12.00 | 12.00 | 12.00 |
| Paraffin Wax | 4% | | | 90.00 | 90.00 | 90.00 | 90.00 |
| Paraffin Wax Liners | 4% | | | 60.33 | 60.33 | 60.33 | 60.33 |
| Velcro Arm Wrap | 4% | | | 260.66 | 260.66 | 260.66 | 260.66 |
| Waterproof Arm Cover | 4% | | | 19.00 | 19.00 | 19.00 | 19.00 |
| Busipirone | 5% | * | | | | | |
| Clonidine | 5% | * | | | | | |
| Colace | 4% | | | 107.76 | 107.76 | 107.76 | 107.76 |
| Duloxetine 60mg | 5% | * | | | | | |

**Appendix A:  Items of Compensation for Alethea Agee**                    Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2022 | Compensation Years 2-17 2023-2038 | Compensation Years 18-24 2039-2045 | Compensation Years 25-Life 2046-Life |
|---|---|---|---|---|---|---|---|
| Lyrica | 5% | * | | | | | |
| Morphine | 5% | * | | | | | |
| Motrin | 4% | | | 123.22 | 123.22 | 123.22 | 123.22 |
| Prilosec | 5% | | | 420.96 | 420.96 | 420.96 | 420.96 |
| Salonpas | 4% | | | 117.00 | 117.00 | 117.00 | 117.00 |
| Senna | 4% | | | 37.20 | 37.20 | 37.20 | 37.20 |
| Zanaflex | 5% | * | | | | | |
| Home Health Aide | 4% | | M | 73,800.00 | 73,800.00 | 73,800.00 | 92,250.00 |
| Pain Specialist | 5% | * | | | | | |
| CBP | 5% | * | | | | | |
| PCP | 5% | * | | | | | |
| Orthopedist | 5% | * | | | | | |
| Psychiatric Follow up | 5% | * | | | | | |
| Psychiatric Follow up for Psychotropic Meds | 5% | * | | | | | |
| Spinal Cord Stim Repl | 5% | * | | | | | |
| Lost Future Earnings | | | | 1,340,812.00 | | | |
| Pain and Suffering | | | | 222,886.30 | | | |
| Annual Totals | | | | 1,649,788.66 | 81,163.56 | 78,565.56 | 97,015.56 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($86,090.36), lost earnings ($1,340,812.00), pain and suffering ($222,886.30): $1,649,788.66
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.